THE STATE OF OHIO, APPELLEE, *v.* SAUNIER, APPELLANT.

(No. 1957—Decided May 26, 1941.)

*Mr. A. C. L. Barthelmeh,* prosecuting attorney, and *Mr. Walter H. Allman,* for appellee.

*Mr. Clayton Hoffman,* for appellant.

SHERICK, J. George Saunier was indicted, tried and convicted upon two counts. The first of which charged that he unlawfully received and concealed journal

brasses which he knew had been stolen from the Pennsylvania Railroad Company, contrary to Section 12450, General Code. The second count charged that he knowingly bought and received journal brasses, used in railway equipment, which he knew had been unlawfully removed without authority, contrary to Section 12561, General Code. From the judgment entered upon the verdict, defendant appeals.

The accused complains of four claimed errors. The first and second go to the weight and sufficiency of the evidence and the propriety of a motion for a directed verdict. A reading of the record convinces us that these claimed errors are not well taken.

The third specification complains of the admission of improper evidence, which had to do with impressions made by journal brasses upon the ground. These impressions the witness found in the defendant's foundry about thirty days after the date complained of in the indictment. True this evidence is remote in point of time, and the impressions might have been made by the appellant's predecessor in occupation of the premises. Even though this testimony is of problematical probative worth, nevertheless it is relative to the issue of the presence of journal brasses in defendant's foundry. We seriously doubt, in view of all the other evidence, that such was prejudicial. It is like finding foot marks of an accused in a place where it is said he has not been. Such evidence impeaches the credibility of an accused's testimony by indicating presence, where presence was denied. We think this evidence was competent in view of the defendant's denial.

The final error urged grows out of the giving of a special charge upon request of the state at the conclusion of the court's general charge.

We first turn to Section 12561, General Code, upon which the indictment's second count is grounded, and note that the gravamen of the offense is in "know-

ingly'' buying and receiving metallic equipment used in railroad operation. With this in mind, together with the remark made in *Kilbourne* v. *State,* 84 Ohio St., 247, 95 N. E., 824, that ''journal brasses are not limited in use to railroad cars, but are in use in many manufacturing establishments,'' the prosecutor, after first having proved that the journal brasses dealt in were of railroad origin, diligently sought to show that the accused had a guilty knowledge thereof. If worthy of belief, there is ample proof within the record to establish guilty knowledge. The state, however, elected to fortify its charge in this respect, in the cross-examination of the accused, by interrogating him concerning his knowledge of the provisions of the law found in Section 9019, General Code. This section prescribes how railroad scrap metals shall be sold. It is not a criminal statute with a penalty prescribed for its violation, but a civil provision dealing with title and remedy in the sale and purchase of railroad equipment. The defendant answered that he was familiar with its terms, such as, ''no officer, agent, or employee of a company operating a railroad, except the superintendent, general managing agent or a receiver of the company, may sell or dispose of worn or scrap metal * * * owned by it''; that all such sales are void if made by other officers, agents or employees; that sales of less than one ton are prohibited; and that a bill of sale must accompany delivery as evidence of title passage.

At the conclusion of the general charge, the court, without mention of the statute, further instructed the jury as to the law found within Section 9019, General Code. Appellant says that the court erred in so doing, because an accused ''cannot be charged with criminal intent necessary and set forth in Section 12561, General Code, without showing that he had actual knowledge of all the requirements invoked both by Sections 12561 and 9019, General Code, of the state of Ohio,'' which is to say in substance that the indictment must cover both sections with negative averments and proof

thereof of the four matters covered by Section 9019, General Code.

Remembering that the purpose of the particular inquiry and the special charge was to establish guilty knowledge, which is an indispensable element of the crime defined in Section 12561, General Code, upon which the second count was drawn, it is clear that the state might prove guilty knowledge of the accused in that he, by his knowledge of the provisions of Section 9019, General Code, must have known that he was dealing in contraband railroad metal. By some competent evidence the state was bound to make such proof. We think the course pursued did establish the fact. It established the truth of the fact by the defendant's admission that he did know the law. It was responsive to the issue and pertinent to the offense charged, and the jury was entitled to be advised thereof. Section 13442-9, General Code, sets forth the requisites of a proper charge. It recites that "in charging the jury, the court must state to it all matters of law which the court deems necessary for the information of the jury in giving its verdict."

Let us view such a charge from a reversed position. Suppose one accused of violating Section 12561, General Code, should defend upon the theory that he had bought and received more than a ton of railroad scrap metal from one of the three named officers, and that he had received a bill of sale which had been lost by some casualty beyond his control. Surely he would be entitled to a charge of the court upon the law as found in Section 9019, General Code. If he proved such a state of facts, it would not only establish the converse of guilty knowledge, but completely exonerate him of the crime charged.

Finding no error in the respects claimed, the judgment must stand affirmed.

*Judgment affirmed.*

LEMERT, P. J., and MONTGOMERY, J., concur.